RECEIVED

IN THE U. S. DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
~~NORTHERN~~ Southern DIVISION

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| EDDIE GRIGGS, § | |
| Plaintiff, § | |
| § | CIVIL ACTION NO. 1:17-cv-493 |
| v. § | |
| § | |
| TREEHOUSE PRIVATE § | JURY DEMAND |
| BRANDS INC.; AND § | |
| NUTCRACKER BRANDS INC., § | |
| Defendants. § | |

## COMPLAINT

1. This is an action for declaratory judgment, equitable relief and money damages, instituted to secure the protection of and to redress the deprivation of rights secured by the Family Medical Leave Act of 1993 (FMLA), and/or the Workers Compensation Act of Alabama § 25-5-1 (1975), et seq.

### JURISDICTION

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331-1337, 2201 and 2202, and 29 U.S.C. § 216(b). This is a suit authorized and instituted pursuant to the Family Medical Leave Act of 1993.

3. This Court has supplemental jurisdiction over Plaintiff's state law retaliation claim pursuant to 28 U.S.C. § 1367 because it arises out of the same case or controversy.

## PARTIES

4. Plaintiff, Eddie Griggs (hereinafter "Griggs or Plaintiff"), is a citizen of the United States, a resident of the State of Alabama and over the age of nineteen (19) years. Plaintiff was employed by Defendants until his termination on or about October 30, 2016.

5. Defendants, TreeHouse Private Brands, Inc. and Nutcracker Brands, Inc. (hereafter "Defendants") are entities subject to suit under the Family Medical Leave Act of 1993, 28 U.S.C. § 2601 *et seq.*

6. Defendants' primary place of business in Alabama is located at 2700 Horace Shepard Dr., Dothan AL 36303.

## FACTS AND STATEMENT OF CLAIMS

7. Griggs worked for Defendants at their Dothan Alabama peanut processing facility working as many as 60 hours a week, seven (7) days a week.

8. Plaintiff had worked at Defendants' facility for more than 12 months.

2

9. Contrary to any averment by Defendants that Griggs was not their employee for 12 months or more, Plaintiff asserts,

   a) At the facility where he worked, its business and operations have not changed substantially at any time while he was employed;

   b) At all times, Defendants facility was in the business of producing and processing peanuts;

   c) To accomplish these tasks, the equipment, the facility's location, the jobs performed, and the facilities supervision have largely remained unchanged;

   d) At no time was Griggs notified by his employer that he was being fired and that he would have to reapply and be hired by Defendants;

   e) To Griggs, any transition between a predecessor employer and a successor employer was seamless to the extent he would have not known a change occurred other than for the payor identified on his paychecks;

and,

   f) At all times relevant, the workforce at his facility has remained the same, except where employees are terminated for disciplinary reasons, employees voluntarily quit, or where employees are hired to replace the same;

10. Accordingly, to the extent its relevant, Defendants are successor employers of Griggs, Griggs was eligible for FMLA leave, and Defendants are liable under the FMLA for violations of Griggs rights.

3

11.     Plaintiff had worked at least 1250 hours at Defendants' facility in the 12 month period preceding his need for FMLA leave.

12.     Defendants employ more than 50 individuals at the facility where Plaintiff worked.

13.     On or about July 31, 2016, Griggs was injured on-the-job in a forklift accident.

14.     Griggs was sent to Dr. Maddox after the accident where he was diagnosed with cervical, pectoral and lumbar strains. Dr. Maddox returned Griggs to work on August 8, 2016 restricting his work to 40 hours per week, Monday through Friday for two weeks.

15.     Defendants at first complied with Dr. Maddox's restrictions and after the expiration of the two week period they required Griggs to obtain a subsequent doctor's excuse stating the 40 hour restriction should continue.

16.     A follow-up appointment with Dr. Maddox was scheduled for August 31, 2016. On August 30, 2016, Griggs was called to HR where his supervisor John Millsap stated,

> "I am assuming that you'll be bringing another 40 hour excuse. I'll give you Thursday off, but you'll need to work the weekend."

4

17.     At his follow-up appointment on August 31, 2016, Dr. Maddox continued Griggs restrictions, with modification. The patient status report from Dr. Maddox evidences,

> Comments  CONTINUE 8 HOURS A DAY 40 HOUR A WEEK, WORK WED AND THURSDAY, OFF ~~FRIDAY , SATURDAY AND SUNDAY BEGIN~~ WORKING MONDAY THROUGH SATURDAY OFF ON SUNDAY.

18.     Defendants received the excuse, and Griggs complied with his supervisor's scheduling request to the extent it did not conflict with Dr. Maddox's restrictions above.

19.     The next week he was pulled into HR and questioned about missing weekend work. Griggs explained his restrictions had him off over the weekend with his ability to work Monday through Saturday starting on September 5, 2016. At the meeting management made the decision to apply disciplinary "points" to Griggs attendance record for the weekend work he missed, even thought his restrictions required that he miss those days.

20.     As a result, Griggs was told his attendance "points" exceeded those allowed by Defendants and he was terminated.

21. Based on the information provided to Defendants by Griggs, its work comp administrator, and Grigg's physician, Defendants were aware of Grigg's need for leave under the Family Medical Leave Act.

22. Defendants did not notify Griggs he had a right to FMLA leave and it ignored his FMLA rights when terminating him.

23. As such, Defendant has purposefully interfered with Grigg's right to FMLA leave, and it terminated Griggs because he would continue to need FMLA leave.

24. If the motivating factor as to Grigg's termination was not related to his need for FMLA leave and retaliation based on the same, then he was terminated by the Defendants in retaliation for exercising his rights under the Workers Compensation Act of Alabama § 25-5-1 (1975), et seq.

25. Defendants were subject to Workers Compensation Laws of Alabama, and while employed and engaged in the business of his employers and while acting in the line and scope of his employment with said employers, Griggs suffered an injury which arose out of and in the course of said employment.

26. Griggs termination by the Defendants was in violation of §25-5-11.1, Ala. Code (1975).

27. As a proximate result of this retaliatory discharge, the Plaintiff has been caused to suffer damages.

### DAMAGES

28. Plaintiff has suffered embarrassment, humiliation, shame, damage to her reputation, mental distress, emotional and physical pain and anguish, and lost wages and benefits as a consequence of Defendants' unlawful conduct outlined above.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

A. Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of Defendant are violative of the rights of Plaintiff as of the Family Medical Leave Act and or the Workers Compensation Act of Alabama § 25-5-1 (1975), et seq.

B. Grant Plaintiff a permanent injunction enjoining Defendant, its agents, successors, employees, attorneys and those acting in concert with Defendant and at Defendant's request from continuing to violate these statutes.

C.   Enter an order requiring that Defendant make Plaintiff whole by awarding him reinstatement in the position at the salary level he would have occupied absent these violations and if not possible, lost wages (plus interest), medical expenses, compensatory and punitive damages, post-judgment interest, loss of benefits, including retirement, pension, seniority and other benefits of employment.

D.   Plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorneys' fees and expenses.

### Jury Demand

Plaintiff demands a trial by struck jury.

Dated: July 20, 2017

Respectfully submitted,

/s/ Robert J. Camp
ROBERT J. CAMP
rcamp@wcqp.com
**WIGGINS, CHILDS, QUINN & PANTAZIS, LLC**
The Kress Building
301 19th Street North
Birmingham, AL  35203
(205) 314-0500 – Phone
(205) 254-1500 – Facsimile

*Plaintiff's Counsel*

8

**PLEASE SERVE DEFENDANTS BY CERTIFIED MAIL AT THE FOLLOWING ADDRESS:**

TreeHouse Private Brands, Inc.
2 North Jackson Street
Suite 605
Montgomery, AL  36104

Nutcracker Brands, Inc.
2 North Jackson Street
Suite 605
Montgomery, AL  36104

_____
OF COUNSEL

9